WILLARD H. WATERMAN *vs.* ARTHUR L. MERROW, and others.

Androscoggin.     Opinion May 29, 1900.

*Referee.  Arbitration.  Pleading.  Rule X.  Assignment.*

When parties agree that a referee, under rule of court, may find and report the facts, and thereupon his findings may be reported to the law court to render such judgment as the legal rights of the parties require, *held;* that the referee is the final judge of all matters of fact and questions of law relating to the introduction of testimony; and it is within his discretion to insist upon a compliance with Rule X, or to receive evidence without complying with it.

In such case, the only duty imposed upon the court by the report of the referee is to apply the law to the facts found and reported by him.

Rule X, relating to the denial of signatures and partnership, does not apply to hearings before referees, even when acting under a reference reserving exceptions in matters of law.

It is competent for a referee, in conducting hearings before him, to adopt any reasonable method which seems best calculated to promote the convenience of the parties and secure the ends of justice.

The defendants filed a plea of abatement in the court below for the non-joinder of other defendants, which was adjudged bad on demurrer, and the defendants were ordered to plead over.   *Held;* that the · defendants were not estopped from pleading and showing the truth in regard to their membership in the voluntary association alleged in the writ and declaration.

An assignment of an account made without consideration, and for the sole purpose of collecting it by suit in the name of the assignee for the benefit of the assignor, is deemed colorable only and inoperative to transfer the property in the account to the assignee, or the right to maintain an action upon it in his own name.

ON REPORT.

The case appears in the opinion.

*H. W. Oakes, J. A. Pulsifer and Forest E. Ludden,* for plaintiff.

Voluntary associations of this character are partnerships, especially with respect to their relations with strangers or third parties. *The Swallow,* Fed. Cas. No. 13665, Olcott, 334 ; *Williams* v. *Franklin Tp. Academical Assoc.,* 26 Ind. 310 ; *Coleman* v. *Coleman,* 28 Ind. 334; *Pipe* v. *Bateman,* 1 Iowa, 369, (1 Clark).

The members of a voluntary association in their relations to third persons are to be considered as partners. *Babb* v. *Reed,* 5 Rawle, 151, (28 Am. Dec. 650); *Cheney* v. *Goodwin,* 88 Maine, 563; *Chick* v. *Trevett,* 20 Maine, 462; *Davis* v. *Beverly,* Fed. Cas. No. 3627, 2 Cranch C. C. 35; *In re Mendenhall,* Fed. Cas. No. 9425; *Davidson* v. *Holden,* 55 Conn. 103; *Lawler* v. *Murphy,* 58 Conn. 294.

Rule X has all the binding and obligatory force of a statute. *Mayberry* v. *Morse,* 43 Maine, 176.

The plea of abatement left open under the general issue two questions only: 1st. Whether the alleged promises were or were not made by or in behalf of the said association; and 2nd. The value of the services rendered and materials furnished. Counsel cited: *Cassidy* v. *Holbrook,* 81 Maine, 589; Stephen on Pleading, (3rd Ed.) pp. 27, 35.

Admissions in pleadings are conclusive in same suit. Herman on Estoppels, p. 944. And where defendants plead in abatement the non-joinder of others whom they claimed to be co-partners, and succeed in their plea, the record is conclusive in another action against the parties setting up such plea, that the persons alleged in their plea were partners. Herman on Estoppels, p. 232, citing *Witner* v. *Schattner,* 15 *Serg. & Raw.* 150.

*W. H. Newell and W. B. Skelton,* for defendants, Babbitt and White.

*D. J. McGillicuddy and F. A. Morey,* for defendants, Douglass and Ellard.

SITTING: WISWELL, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, FOGLER. JJ.

WHITEHOUSE, J. This is an action of assumpsit on accounts annexed to the writ, in which the defendants are described as "members of a voluntary association known as the Maine Game & Protective Association."

The defendants filed a plea in abatement for the non-joinder of

numerous other defendants, but this plea was adjudged bad on demurrer, and the defendants ordered to plead over. Thereupon the action was referred to a justice of this court with the right of exceptions in matters of law; but while the hearing was in progress before the referee "the parties agreed that the referee might find and report the facts, and that thereupon the referee's findings of fact should be reported to the law court to render such judgment as the legal rights of the parties require." Accordingly the referee made and reported the following findings of fact:—

I find that the Maine Game and Protective Association, at the time the bills sued in this action were contracted, was an organized, unincorporated, voluntary association, and that the defendants, Merrow, Gifford, Curtis, Teel, Ledyard and Thompson were then members of said association. The defendants, Babbitt, Douglass, Ellard and White, deny that they were ever members of said association, but they did not, before the hearing, file affidavit denying partnership or membership, in accordance with the provisions of Rule X of the Supreme Judicial Court. The plaintiff claims that these defendants, Babbitt, Douglass, Ellard and White are estopped from denying membership in said association, by reason of certain allegations contained in their pleas in abatement filed in this case and afterwards adjudged bad; also that it is not open to these defendants to show that they were not members of said association, for the reason that they have failed to file affidavits denying partnership or membership as aforesaid. But against the objection of the plaintiff, I received the testimony of said Babbitt, Douglass, Ellard and White, to the effect that they were not members of said association; and I find that although they severally contributed from time to time to the purposes of the association, they were never members in fact, and never held themselves out as such to the plaintiff.

It is accordingly insisted by the plaintiff in argument, in the first place, that the defendants, as members of the association described in the writ, must be deemed partners in their relations to third persons, and that it was not open to any of them to introduce evidence to prove that they were not members of the association, for

the reason that they had omitted to file the affidavits required by the last provision of Rule X of this court.

But it has been seen that although it was originally agreed that the cause should be " referred with the right of exceptions in matters of law," this form of reference was superseded by an agreement that the referee " might find and report the facts " for the decision of the law court; and the case now comes to this court, not on exceptions, but on report of the facts found by the referee. The agreement that he should find the facts was unconditional, and invested him with the full powers of a referee finding the facts. That agreement contained no stipulation in regard to the manner of conducting the hearing, and reserved no questions for the court respecting the admissibility of evidence. The referee was the final judge of all matters of fact and of all questions of law relating to the introduction of testimony. Morse on Arbitration and Award, 214; *Hooper* v. *Taylor*, 39 Maine, 225. It was competent for him to admit or reject the testimony of those defendants who claimed that they were not members of the association, according to his views of the truth and justice of the matter. He might have reported in the alternative, presenting to the court the question of the admissibility of the evidence, as was done in *Hooper* v. *Taylor*, 39 Maine, supra.

But in determining the facts he exercised his full power as referee and made an absolute finding that the defendants Babbitt, Douglass, Ellard and White were not members of the association. With respect to the introduction of evidence it was in his discretion to insist upon a compliance with the provisions of Rule X, or to receive evidence without it. That rule obviously does not apply to hearings before referees even when acting under a reference reserving exceptions in matters of law. It is one of the general rules of the Supreme Judicial Court adopted for the purpose of regulating the practice in that tribunal. It is competent for a referee in conducting hearings before him, to adopt any reasonable method which seems to him best calculated to promote the convenience of the parties and secure the ends of justice.

In this case the referee received the evidence and found the facts

regardless of Rule X. The only duty imposed upon the court by the report of the referee was to apply the law to the facts found and reported by him. The construction of Rule X was not a question reserved for the consideration of this court (*Bucksport* v. *Buck*, 89 Maine, 320) and is not involved in the decision of the case.

But the plaintiff further contends that these defendants are legally estopped to deny this membership in the association by the recital in the plea in abatement "that the several supposed promises in said writ declared upon, if any such were made, were made jointly with" the other persons named.

It is a familiar rule in pleading that when a plea in abatement is adjudged bad upon demurrer, on an issue of law, the judgment is always quod respondeat ouster. *State* v. *Pike*, 65 Maine, 111; *Trow* v. *Messer*, 32 N. H. 361; 1 Chitty on Plead. (16 Ed.) 483. And it has been seen that such was the order of the court in this case. But if these defendants are still prevented from making their defense by the rule of legal estoppel which excludes all evidence of the truth, the privilege of defending upon the merits would be barren and illusory, and the order to plead over practically nullified. The subtle refinements of special pleading in the early history of the common law rarely exhibited a more effectual method of preventing a trial upon the merits of the case. It is feared that such a rule would have a perverse tendency to defeat the ends of justice. The defendants were not estopped by the plea in abatement from pleading and showing the truth in regard to their membership. Furthermore, the allegation in the plea of abatement is not in terms an unconditional averment of the defendants' membership in the association. It was simply a prescribed formula employed by counsel to aid in the solution of the question of membership. It was not signed by the defendants themselves, and would not necessarily have any probative force as evidence tending to show an admission by the defendants. *Rockland* v. *Farnsworth*, 89 Maine, 481. What consideration it was in fact entitled to receive from the referee under the circumstances which may have been disclosed by the testimony before him, it is unnecessary for this court to consider. The testimony is not

before us, and the finding of the referee that the defendants Babbitt, Douglass, Ellard and White "were never members in fact and never held themselves out as such to the plaintiff" is conclusive.

It appears from the report of the referee that the assignment to the plaintiff of the account of the Hall and Knight Hardware Co. was without consideration and made for the sole purpose of collecting it by suit in the name of the plaintiff. Such an assignment must be deemed colorable only and inoperative to transfer to the plaintiff the property in the account and the right to maintain an action on it in his own name. This account as well as that of J. W. Brackett, in support of which no evidence was introduced must therefore be excluded from the judgment in this case.

The result is that judgment is rendered in favor of the defendants Babbitt, Douglass, Ellard and White. But against all the other defendants the entry must be,

*Judgment for the plaintiff.*